Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000633
25-SEP-2018
09:42 AM

NO. CAAP-17-0000633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JONAH K. ABERILLA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(CASE NO. 1DTA-16-02933)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Jonah K. Aberilla (Aberilla) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on April 25, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 1, 2017, in the District Court of the First Circuit, Kāne'ohe Division (District Court).[1]

Aberilla was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §291E-61(a)(1) (Supp. 2017), as a second offense within five years of a prior OVUII conviction, pursuant to HRS § 291E-61(b)(2).[2]

---

[1]     The Honorable Lanson K. Kupau presided on April 25, 2017.  The Honorable Steven L. Hartley presided on August 1, 2017.

[2]     HRS § 291E-61 states in part:

§291E-61  Operating a vehicle under the influence of an intoxicant.  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

On appeal, Aberilla contends there was insufficient evidence of impaired driving to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Aberilla's point of error as follows:

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was sufficient evidence to convict Aberilla of OVUII.

Sergeant Robert Beatty (Sergeant Beatty) testified that on July 22, 2016, at approximately 2:10 a.m. he stopped Aberilla for weaving on the road on Ahuimanu Place, which is a public street, road, or highway. He observed Aberilla drive his SUV two to three feet over double solid yellow lines that separated the left turn lane from the northbound lane of Kahekili Highway for about 100 feet. Aberilla overcompensated and drove his passenger tires over a solid white line, then back over the double solid yellow lines. When Sergeant Beatty attempted to stop Aberilla, Aberilla drove up a curb before stopping his vehicle. Sergeant Beatty detected a strong odor of alcohol coming from Aberilla's

---

[2](...continued)

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

(1) For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):

. . . .

(2) For an offense that occurs within five years of a prior conviction for an offense under this section or section 291E-4(a):

. . . .

breath, Aberilla's eyes were red and glassy and he slurred his speech.   Aberilla also stumbled while exiting his vehicle.

Officer Charmaine Freeman (Officer Freeman) testified that on July 22, 2016, Aberilla had a strong odor of an alcoholic beverage, slow or slurred speech, and red and glassy eyes. Aberilla could not maintain his balance and stepped out of the starting position twice during the walk-and-turn test.  Aberilla stopped after taking three steps, did not touch his heel to toe on four of eight steps forward, took only eight steps forward instead of nine, and did not touch his heel to toe on nine of nine steps back, all contrary to the instructions.  He also raised his arms more than six inches from his sides, contrary to the instructions.  Prior to the one-legged-stand test, Aberilla was swaying in a circular motion.  During the one-legged-stand test, Aberilla raised his arms more than six inches from his side, hopped three or four times, and put his foot down three or four times, all contrary to the instructions.  There was sufficient evidence that Aberilla was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself or guard against casualty.

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on April 25, 2017 and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on August 1, 2017, in the District Court of the First Circuit, Kāneʻohe Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, September 25, 2018.

On the briefs:

Jacqueline R. Maʻele,
Deputy Public Defender,
for Defendant-Appellant.


Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3